UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JERMAINE COSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00126-TWP-KMB |
| ) | |
| FLOYD COUNTY SHERIFF'S DEPARTMENT, ) | |
| BRADLEY DANGLER Lieutenant, ) | |
| MOSES Lieutenant, ) | |
| BOONE Officer, ) | |
| BORRAL Officer, ) | |
| WINEGAURD Officer, ) | |
| STEVE BUSH Jail Commander, ) | |
| Lieutenant ROY, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFFS MOTION FOR COUNSEL**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Floyd County Sheriff's Department, Lieutenant Bradley Dangler, Lieutenant Roy, Lieutenant Moses, Officer Boone, Officer Wingaurd, and Steve Bush. (together "the Defendants"). (Dkt. 43). Also pending, the Plaintiff Jermaine Cosby ("Cosby") third Motion for Counsel. (Dkt. 47). for filed this action contending that his constitutional rights were violated while he was incarcerated at the Floyd County Jail ("the Jail"). In his complaint, Cosby alleges that he was sexually and physically assaulted by guards during a strip search. The Defendants move for summary judgment arguing that Cosby failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Although the motion is unopposed, Defendants' evidence shows that Cosby exhausted his claims. Accordingly, the motion for summary judgment, is **denied**, and the Court advises Defendants of its intent to grant summary

1

judgment in Cosby's favor on the issue of exhaustion. In addition, for the reasons explained in this Order, Cosby's third Motion for Attorney is once again **denied without prejudice.**

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Cosby failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record.

S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). Still, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. FACTUAL BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to the Estate as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On August 22, 2024, Cosby was confined at the Jail as a pretrial detainee. (Dkt. 20 at 2) (Screening Order). After an incident involving several inmates refusing orders. F Block, where Cosby was housed, was turned into a segregation block and each allegedly non-complaint inmate was processed for segregation. As part of processing, each inmate was strip searched. Cosby was singled out for a humiliating strip search, was sexually assaulted when Lt. Dangler inserted his fingers into Cosby's anus, and was beaten by Lt. Dangler and Officer Boone while other officers watched. *Id.*

### A. The Jail's Grievance Process

At all times relevant to this litigation, the Jail had an inmate grievance procedure in effect. The inmate grievance procedure is part of Floyd County Jail's Inmate Handbook, which is available to all inmates through the Jail-issued tablets and kiosk system. (Dkt. 44-5 at 2). Each time an inmate logs into their Jail-issued tablet or kiosk, he must acknowledge that he has read the Inmate Handbook before he may proceed. *Id.*

Under the Jail's grievance procedure, inmates wishing to resolve a problem must submit an inmate grievance form through their Jail-issued tablet or kiosk system. Inmates may submit grievances about various aspects of institutional life including, but not limited to, a criminal act by another inmate, a prohibited act by a staff member, abuse, harassment, abridgment of civil rights, and denial of privileges without just cause. *Id.* at 10. An appropriate grievance form must include "the date, time, names of all persons involved, and all pertinent details of the incident including the name of witnesses." *Id.* Additionally, any grievance must be filed "within 5 days of the incident or it will be dismissed." *Id.*

All properly submitted grievances are "promptly and thoroughly investigated," and inmates receive a notification when a response to the grievance is provided. *Id.* If an inmate does not agree with the response to the grievance, he can appeal within five days of receiving the response. *Id.* If the inmate does not agree with the response to the appeal, then the inmate can appeal directly to the Jail Commander, "advising they do not agree with the appeal response they received." *Id.* The Jail Commander then gives the inmate a second appeal response. *Id.* An appeal to the Jail Commander with a second response given is the final decision under the Jail's grievance procedure. *Id.*

### B. Cosby's Participation in the Grievance Process

Cosby did not submit a grievance or request within five days of the August 22, 2024, interaction. (Dkt. 44-6) (Cosby's grievances). He did, however, file a grievance about the incident on September 21, 2024. *Id.* at 7. The initial grievance stated that he had been sexually assaulted, beat up, and dragged through the jail naked despite the fact that he did not "disrespect any guards or anything[.]" *Id.* Two days later, Jail staff member Chris Croy responded, "We looked at the video together. Furtive movements from staff refuted your claims and you were assigned

4

segregation time for your actions that night. You may proceed in any fashion that you deem necessary, but we have done all that can be done with this incident." *Id.*

That same day, Cosby filed an appeal in which he argued that he was given segregation for other inmates' action, that he should not have been assaulted, beaten, and handcuffed naked, and "you can't do anything thank you for your non help." *Id.* Lt. Ashley Gibson responded to the appeal the next day, stating, "Detectives investigated, documents, and determined your sexual assault claim unfounded." *Id.* (errors in original).

Cosby filed a second level appeal, in which he reiterated his belief that he had been sexually assaulted and the victim of excessive force. *Id.* at 7-8. In the "Final Resolution," Captain Gene Perrot responded, "This was looked into and unfounded." *Id.* at 8.

### III.  DISCUSSION

Cosby filed this action alleging that the sexual abuse against him was a coordinated event directed by Steve Bush, and that Lieutenant Moses and Officer Wingaurd failed to intervene to prevent it. (Dkt. 20). He further alleges that the abuse was racially motivated due to racial slurs used by Lieutenant Dangler. *Id*. Following the interaction, Cosby contends that he was placed in segregation without justification and for the purpose of preventing him from submitting a grievance concerning the interaction. *Id*.

Defendants argue that Floyd County's grievance procedures were always available to Cosby, yet he never properly submitted a grievance concerning any of his claims prior to filing this lawsuit. (Dkt. 44 at 2).  Consequently, they seek summary judgement arguing that Cosby's claims are barred pursuant to the Prison Litigation Reform Act ("PLRA"). *Id*.

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to

5

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id.*; *see also Ross*, 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Still, if jail administrators resolve a grievance on the merits despite an inmate's noncompliance with procedural rules, the plaintiff's obligation as to exhaustion has been satisfied. *See Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served it function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."); *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("We have held that a prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement. We have also explained, however, that if prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted.") (internal citations omitted).

Here, Defendants' designated evidence reflects that jail administrators resolved the grievance on the merits by investigating Cosby's claims regarding the incident and telling him that they concluded his claims were unfounded. The Jail administrators could have rejected the grievance on the basis that it was untimely or that Cosby did not name the officers involved. But because they answered his grievance on the merits, he satisfied the purpose of alerting jail staff to the issue at hand. *Maddox*, 633 F.3d at 721-22 (failure to name defendants in grievance excused because prison administrators resolved claims on the merits). *See also Jones v. Bock*, 549 U.S. 199, 219 (2007) (noting that purpose of grievance process is to alert prison officials of a problem, not provide personal notice to prison staff that he or she may be sued); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) ("[A]n inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought.") (cleaned up).

Accordingly, because it is undisputed that Cosby filed every level of grievance required by the Jail's policy and jail administrators resolved it on the merits, the Court finds Cosby is entitled to summary judgment on the exhaustion defense, and Defendants motion for summary judgment is **denied**.

### IV. <u>MOTION FOR COUNSEL</u>

On the same day that the Court denied Cosby's second motion for counsel, he filed a renewed motion for counsel. *See* Dkt. 46 (July 31, 2025, Order Denying Counsel), (Dkt. 47). (Plaintiff's third motion to appoint counsel, docketed July 31).

The renewed motion presents no new information. *Id*. Further, because the Court finds that Cosby is entitled to summary judgment, in all likelihood (depending on Defendants' response), this case will proceed to the merits. The next step will be to issue a scheduling order which governs discovery. There is no reason why Cosby cannot engage in the discovery process without the

assistance of counsel, especially since he is not incarcerated. Thus, given the stage of the case, and for the reasons discussed in the Court's previous order, (Dkt. 46), Cosby's renewed motion for counsel, is **denied without prejudice**.

### V. CONCLUSION AND SHOW CAUSE ORDER

For the reasons stated above, Defendants' Motion For Summary Judgment, Dkt. [43], is **DENIED**. Under Federal Rule of Civil Procedure, Rule 56(f)(1), the Court gives the Defendants notice of its intent to grant summary judgment in Cosby's favor on the issue of exhaustion. The Defendants have **through March 18, 2026**, to **SHOW CAUSE** why summary judgment should not be granted. Alternatively, the Defendants may withdraw their affirmative defense by this date.

Cosby's third Motion for Counsel, Dkt. [47], is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date: March 5, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JERMAINE COSBY
377 S. Galt Ave
Apt #3
Louisville, KY 40206

Patrick Muldoon
BARNES MALONEY PLLC
pmuldoon@sbmkylaw.com

Justin M. Schaefer
BARNES MALONEY PLLC
jschaefer@sbmkylaw.com